James B. Kane, J.
Petitioner resides with her three infant *497 children. She receives public assistance in the amount of $433 per month. She also received food stamps and medicaid.
In the fall of 1975 the petitioner entered Genesee Community College. She had her tuition paid under tuition assistance program (TAP). She also received $550 per semester through a basic educational opportunity grant (BEOG) pursuant to subdivision (a) of section 1070 of title 20 of the United States Code. In her first semester she received grades of three A’s and two B’s.
In March of 1976, during her second semester, the petitioner applied to Orleans County Department of Social Services to provide child care services and travel expenses so that she could continue her education. On April 2, 1976 her request for day care services was denied by the Orleans County Department of Social Services. The denial was because the petitioner had fared poorly in a 1973 school experience at the Sawyer Business School in Rochester, New York and Orleans County was experiencing financial difficulties.
Following a hearing on May 3, 1976 the determination of the agency was affirmed for the following reasons: "Since the Appellant has failed to establish that her education expenses, including day care and transportation exceed the TAP and the BEOG grants, the Agency’s refusal to issue special grants for transportation and day care was proper.”
Section 350 of the Social Services Law of the State of New York defines the needs that are to be met by the Aid to Dependent Children Program. Section 350 (subd 1, par [c]) states that: "Allowances may include such cost of tuition, books, supplies, and other items as may be required to enable a * * * parent * * * to obtain suitable occupational training from a trade school or other institution licensed or approved by the state education department * * * provided such person could not otherwise obtain such training and he demonstrates to the satisfaction of the appropriate social services official that he possesses the talent, aptitude and ability necessary to benefit from the training he proposes, to undertake and pursue.”
18 NYCRR 352.7 (e) (1) further delineates and defines the needs encompassed by section 350 (subd 1, par [c]) of the Social Services Law: "Occupational training. (1) With the exception of child care (which, if needed, shall be provided as a purchase of service), allowances shall be made for the costs of tuition, books, supplies and other essential items required *498 to enable a parent * * * to obtain suitable occupational training * * * from other institutions licensed or approved by the State Education Department”.
These provisions set forth the types of needs that are to be met by public assistance in New York. These needs include more than the basics needed for survival such as food, shelter and clothing. The Legislature has also recognized that one of the ultimate purposes of the public assistance program is to encourage and assist recipients to become self sufficient. Therefore, the Legislature has provided that the costs incident to obtaining occupational training create needs that are to be met by public assistance. These needs include tuition, fees, children’s care services, transportation, books, etc.
Based upon the oral arguments of counsel for the petitioner and respondents and upon a review of the papers submitted by both sides it is the opinion of this court that the application of the petitioner be remanded for a hearing to establish her total educational expenses, including day care, transportation, books, clothing, etc. compared to her resources, including grants from TAP and BEOG. If her resources are insufficient to cover her expenses, then the Department should grant her request for day care service and transportation expenses. Since petitioner was not on notice that such an inquiry would be the subject of the hearing conducted on May 3, 1976, she was denied the opportunity to present fully her side of the case.
The reasons for the agency denying petitioner’s request prior to the May 3, 1976 hearing; namely, poor performance at the Sawyer Business School in 1973 and the fact that Orleans County was experiencing financial difficulties, are insufficient to deny the petitioner aid in 1976. The record shows that the petitioner was experiencing marital difficulties in 1973 and was involved in a totally different program than the program she is now interested in. Further, her first semester performance of three A’s and two B’s is sufficient to wipe out her poor performance in 1973. The fact that Orleans County is experiencing financial difficulties should not be borne by the petitioner.
The petitioner is directed to submit an order accordingly.